## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

ROBERT HERRERA,         §
(TDCJ-CID 1042063)       §
                                §
        Petitioner,       §
                                §
VS.                         §       CIVIL ACTION NO. H-09-3140
                                §
RICK THALER,          §
                                §
        Respondent.     §

### MEMORANDUM AND OPINION

The petitioner, Robert Herrera, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging two 2001 state convictions for sexual assault of a child. Because Herrera filed this suit too late, it is dismissed.

## I.    Background

Herrera pleaded guilty to the felony offense of sexual assault of a child. (Cause Numbers 824383 & 824384). On May 5, 2001, the state court sentenced Herrera to a seventeen-year prison term. Herrera did not appeal. On October 5, 2004, Herrera filed applications for state habeas corpus relief. On February 9, 2005, the Texas Court of Criminal Appeals denied relief without written order, on findings of the trial court, without a hearing. *See* Texas Judiciary Website, http://www.cca.courts.state.tx.us/ opinions. On December 29, 2008, Herrera filed two more state habeas applications. The Texas Court of Criminal Appeals dismissed them as successive on February 18, 2009.

On September 28, 2009, this court received Herrera's federal petition. The petition was filed when Herrera gave it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149

F.3d 374, 378 (5th Cir. 1998). This court presumes that Herrera put his federal petition in the prison mail on the date he signed it, September 16, 2009. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998). Herrera contends that his convictions are void because the trial judge failed to take an official oath before accepting Herrera's plea. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7). The threshold issue is whether this petition is time-barred.

## II.     Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996. AEDPA provides in part:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)     The time during which a properly filed application for State
>         post-conviction or other collateral review with respect to the
>         pertinent judgment or claim is pending shall not be counted
>         toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Although the statute of limitations is an affirmative defense, a district court may raise the defense on its own and dismiss a petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). In *Day v. McDonough,* 547 U.S. 198 (2006), the Supreme Court held that a district court could consider the timeliness of a state prisoner's habeas petition after giving fair notice and an opportunity to present a basis for finding the petition timely. In an order entered on October 6, 2009, this court ordered Herrera to file a written statement by November 24, 2009, showing why this court should not dismiss his petition as time-barred under 28 U.S.C. § 2244(d). (Docket Entry No. 4). On November 23, 2009, Herrera filed his response. (Docket Entry No. 7).

The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The trial court convicted Herrera on May 5, 2001. Herrera's conviction became final on June 4, 2001, when the time expired for filing an appeal in the Texas Court of Appeals. *See* TEX. R. APP. P. 26.2 (formerly TEX. R. APP. P. 41(b)(1)). The one-year limitations period for filing a federal habeas petition under § 2254 ended on June 4, 2002.

Although a properly filed application for state habeas relief extends the federal limitations period, 28 U.S.C. § 2244(d)(2)(West 1997), the state habeas applications did not toll the limitations

period in this case because Herrera filed them long after June 4, 2002, when that period ended. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Herrera waited until September 16, 2009 before filing his federal petition. His claims are time-barred unless he can show that a statutory or equitable exception to limitation applies.

As his sole ground for federal habeas relief, Herrera complains that he did not appear before the state trial judge who signed his guilty plea papers. Herrera states that he never came before that judge. Herrera states he did not discover this claim until April 9, 2007, when he received the judge's oath of office form. (Docket Entry No. 7, Petitioner's Response, p. 1).

Herrera is apparently arguing that the oath of office form forms part of the factual predicate of his suit. Herrera's view of what constitutes the factual predicate of his claim has been rejected by the Fifth Circuit in *Flanagan v. Johnson,* 154 F.3d 196, 201-02 (5th Cir. 1998). In *Flanagan,* the petitioner argued that the one-year limitations period did not begin until he was able to obtain an affidavit by his trial counsel to support his habeas claim that he had not been informed of his right not to testify. The Fifth Circuit concluded that the lawyer's affidavit was not part of the factual predicate of Flanagan's claim. Instead, Flanagan knew long before he had the affidavit that he testified without knowing of his right to refuse. The Fifth Circuit explained:

> Flanagan is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of his claim . . . Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, in this case more than seven years, while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim.

*Id.*

Herrera did not have to wait to pursue his claim that the senior trial judge did not take the oath of office until he had obtained the proper form. His delay in obtaining the form does not justify equitable tolling.

Similarly, Herrera is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim. The oath of office form does not change the character of Herrera's claim. Section 2244(d)(1)(D) does not convey a statutory right to an eight-year delay to gather evidence that might support a habeas claim. *Flanagan,* 154 F.3d at 199. Herrera knew that the trial judge who signed his guilty plea was not a judge he had appeared before long before he obtained the oath of office form. Herrera's contention that the one-year statute of limitations did not begin to run until after he obtained the form is without merit.

The AEDPA's one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 810-11 (5th Cir. 1998); *see also Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part,* 223 F.3d 797 (5th Cir. 2000); *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. denied,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied,* 531 U.S. 1164 (2001). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson,* 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis,* 158 F.3d at 810). A habeas petitioner has the burden of proving that he is entitled to equitable tolling. *Phillips,* 216 F.3d at 511. "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)), *cert.*

*denied,* 529 U.S. 1057 (2000); *see also Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001).
Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the
applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.),
*cert. denied,* 120 S. Ct. 504 (1999). "Equitable tolling is appropriate when, despite all due diligence,
a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher,*
at 715 n.14.

Herrera does not identify any grounds for equitable tolling and the record discloses none.
*See, e.g., Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal
materials and an inadequate law library did not establish grounds for equitable tolling where the
alleged impediments to filing a federal petition were removed six months before the end of the
limitations period), *cert. denied,* 532 U.S. 963 (2001); *Felder v. Johnson,* 204 F.3d 168, 171 (5th
Cir.)(finding that alleged inadequacies in prison law library and lack of notice of AEDPA's
requirements did not warrant equitable tolling), *cert. denied,* 531 U.S. 1035 (2000); *Turner v.
Johnson,* 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of
representation during the applicable filing period did not merit equitable tolling), *cert. denied,* 528
U.S. 1007 (1999).

Herrera does not satisfy any of the exceptions to the AEDPA statute of limitations.  The
record does not indicate that any unconstitutional state action prevented Herrera from filing an
application for federal habeas relief before the end of the limitations period.   28 U.S.C.
§ 2244(d)(1)(B).  Herrera's claims do not relate to a constitutional right recognized by the Supreme
Court within the last year and made retroactive to cases on collateral review. 28 U.S.C.

§ 2244(d)(1)(C). Herrera's claims relate to the guilty plea on May 5, 2001. Herrera has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Herrera's federal petition is untimely.

## III.    Conclusion

Herrera's challenges to his 2001 convictions are dismissed as time-barred. This case is dismissed. Herrera's motions for the appointment of counsel, (Docket Entry Nos. 5-1 and 6-2), are denied as moot. Herrera's motions for continuance, (Docket Entry Nos. 5-2 and 6-1), are denied as moot. Any remaining pending motions are denied as moot.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). Herrera has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling. This court will not issue a COA.

SIGNED on December 1, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge